## In re Charlie PATTERSON a/k/a Charles Patterson, Ruth Yvvone Patterson, Ruth Yvonne Fisher, Debtors.

### Bankruptcy No. 80–01654K.

United States Bankruptcy Court, E. D. Pennsylvania.

May 7, 1981.

Mitchell W. Miller, Philadelphia, Pa., for debtors.

Maurice Levin, Deputy Atty. Gen., Commonwealth of Pennsylvania, Philadelphia, Pa., for the Commonwealth.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the Court is the debtors' application for restoration of operating privileges. Upon consideration of the application and the response of the Commonwealth of Pennsylvania thereto, we will order the operating privileges of Charlie Patterson a/k/a Charles Patterson to be restored forthwith.[1]

This Court has jurisdiction over the instant proceeding pursuant to 28 U.S.C. § 1471.[2]

As the recent case of *Henry v. Heyison*, 4 B.R. 437, 6 B.C.D. 243 (E.D.Pa.1980) makes clear, the long established "fresh start" doctrine has been codified in the Bankruptcy Code. In particular, 11 U.S.C. § 525 discusses the rights of debtors with respect to governmental actions based upon discharged debts. That section provides in pertinent part that:

> ... a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or similar grant to, condition such a grant to, discriminate with respect to such a grant against, ... a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, ... solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

This section, which provides additional debtor protection has its origin in the case of *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971) which held that a state would frustrate the Congressional policy of a fresh start for a debtor if it were permitted to refuse to renew a driver's license because a tort judgment resulting from an automobile accident had been unpaid as a result of a discharge in bankruptcy.

The court, in *Henry v. Heyison, supra,* concluded that:

> The language of the Bankruptcy Code and the supporting House and Senate reports makes Congress' intent clear. Once a debt has been discharged under the Code a state may not treat a debtor differently than a person who never in-

---

1. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. 28 U.S.C. § 1471 reads in pertinent part:
    (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.
    (c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

curred a debt. Thus, although a state could legitimately require financial responsibility insurance for all its non-owner drivers, the Code prohibits it from treating those with judgments discharged in bankruptcy differently from those who never had such debts. The House Report specifically indicates that while Section 525 prohibits discrimination based solely on the basis of bankruptcy "it does not prohibit consideration of other factors such as future financial responsibility or ability, and does not prohibit imposition of requirements as net capital rules, if applied nondiscriminatorily. House Report at 367, U.S.Code Cong. & Admin. News 1978, pp. 179, 538.

4 B.R. at 442.

In *Miller v. Anckaitis*, 436 F.2d 115, 120 (3d Cir. 1970), the Third Circuit explained the necessity of having a license to drive an automobile by stating "[f]or the urban poor, in particular, remoteness from the thriving suburban segment of the industrial economy and a deteriorating public transportation system often make use of an automobile the only practical alternative." *See Henry v. Heyison, supra* 4 B.R. at 441, n. 5.

Having found that this Court has jurisdiction over the instant proceeding and that § 525 is applicable, we conclude that, based on the present record, the Commonwealth of Pennsylvania, as a governmental unit, has wrongfully refused to renew the operating privileges of the debtor constituting discriminatory treatment under § 525.

Accordingly, the Commonwealth of Pennsylvania will be ordered to restore the operating privileges of debtor, Charlie Patterson.