**In re George Leslie DUFFEY, Shari Lyn Duffey, Debtors.**

**George Leslie DUFFEY, Shari Lyn Duffey, Plaintiffs,**

**v.**

**Dean DOLLISON, Registrar of Motor Vehicles, Defendant.**

Adv. No. 2–81–0098.

United States Bankruptcy Court, S. D. Ohio, E. D.

Aug. 27, 1981.

Fred J. Milligan, Jr., Westerville, Ohio, for plaintiffs.

B. Douglas Anderson, Columbus, Ohio, for defendant.

## FINDINGS, OPINION AND ORDER ON PLAINTIFFS' COMPLAINT

GRADY L. PETTIGREW, Bankruptcy Judge.

Plaintiffs filed an adversary proceeding seeking to compel the defendant, the Registrar of Motor Vehicles for the State of Ohio, to issue a driver's license to both plaintiffs. The plaintiffs contend that refusal to issue said driver's license and registration is a violation of the Bankruptcy Code.

The facts have been stipulated. Plaintiffs filed a voluntary joint petition for relief under Chapter 7 of the Bankruptcy Code on January 27, 1981. At the time of filing their petition the operators licenses of both plaintiffs had been suspended by the defendant pursuant to Chapter 4509 O.R.C. because of unsatisfied judgments arising from automobile collisions. Plaintiff George Duffey has an unsatisfied judgment of $912.76 and plaintiff Shari Duffey has an unsatisfied judgment of $1031.90. Neither judgment was satisfied within 30 days of its entry. Plaintiffs did not appeal the suspensions pursuant to Chapter 119 O.R.C. Plaintiffs listed both judgments in their Schedule of Debts in the bankruptcy case.

Defendant's termination of the driver's license is pursuant to § 4509.40 O.R.C., which provides as follows:

"Any license, registration, and nonresident's operating privilege suspended for nonpayment of a judgment shall remain so suspended for a period of seven years from the effective date of suspension, and while such order is in force no license, registration, or permit to operate a motor vehicle shall be issued in the name of such person, including any such person not previously licensed. The registrar shall vacate the order of suspension upon proof that such judgment is stayed, or satisfied in full or to the extent provided in section 4509.41 of the Revised Code, subject to the exemptions stated in sections 4509.37, 4509.38, 4509.39, and 4509.-42 of the Revised Code, and upon such person's filing with the registrar or motor vehicles evidence of financial responsibility in accordance with section 4509.45 of the Revised Code."

Further, Ohio law creates the duty of the defendant to maintain a suspension of the plaintiffs' driving rights until plaintiffs file evidence of financial responsibility in accordance with the provision of § 4509.45 of the Revised Code.

Defendant states that it is the policy of the State of Ohio and the intention of the defendant to continue the suspension of plaintiffs' driving privileges until they file and maintain proof of financial responsibility in accordance with § 4509.54 O.R.C. for three years from the date of suspension, notwithstanding the fact that bankruptcy petitions have been filed listing the judgments which resulted in the suspensions. Defendant has full knowledge of the bankruptcy proceedings, the judgments being listed in those proceedings, and maintains the above-stated intention and policy.

The often-encountered circumstance of a debtor who, after injuring the person or property of another driver, is unable to pay for that injury or to rely upon insurance coverage for its payment is presented in this case. The debtor contends that the provisions of Title 11 of the United States Code, more specifically 11 U.S.C. § 525, prohibits the defendant from maintaining the suspension of driving privileges of both plaintiffs. The provisions of § 525 are as follows:

"Except as provided in Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 449a–499s), the Packers and Stockyards Act, 1921 (7 U.S.C. 181–229), and section 1 of the Act entitled 'An Act making appropriations for the Department of Agriculture for the fiscal year ending June 30, 1944, and for other purposes,' approved July 12, 1943 (57 Stat. 422; 7 U.S.C. 204), a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act." Pub.L. 95–598, Nov. 6, 1978, 92 Stat. 2593.

The legislative history of § 525 indicates that this Code section was intended to codify the fresh start doctrine of *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). The Code section is a restatement of the fresh start policy which prohibits the refusal to renew a driver's license because of a tort judgment resulting from an automobile accident where the unpaid judgment has been discharged in bankruptcy. The facts in this case show that plaintiffs are required to maintain financial responsibility insurance while all Ohio drivers do not bear such a burden. Only those who have unsatisfied judgments are required to maintain financial responsibility insurance. In the recent case of *Henry v. Heyison*, 4 B.R. 437 (E.D.Pa.1980), the District Court determined that the Pennsylvania financial responsibility law unconstitutionally conflicted with the fresh start doctrine of the Bankruptcy Code insofar as it established an additional eligibility requirement for motor vehicle operation not required of the general public based solely on the failure to satisfy a motor vehicle tort judgment discharge in bankruptcy. At p. 442, the court said:

"The language of the Bankruptcy Code and the supporting House and Senate Reports makes Congress' intent clear. Once a debt has been discharged under the Code, a state may not treat a debtor differently than a person who never incurred a debt. Thus, although, a state could legitimately require financial responsibility of all its non-owner drivers, the Code prohibits it from treating those with judgments discharged in bankruptcy differently from those who never had such debts. The House Report specifically indicates that while Section 525 prohibits discrimination based solely on the basis of bankruptcy 'it does not prohibit consideration of other factors such as future financial responsibility or ability, and does not prohibit imposition of requirements as net capital rules *if applied nondiscriminatorily.*'" House Report at 367, U.S.Code Cong.Admin.News, 1978, pp. 150, 188 (emphasis added).

Thus the Court was compelled to decide that the Pennsylvania Act, by its financial responsibility requirement, made such a discriminatory distinction. The Pennsylvania government argued that all citizens not having satisfied a judgment were required to guarantee future financial responsibility,

however the court indicated, that defendants failed to consider the language of § 525, which prohibits discrimination based upon a debt which was discharged under the Bankruptcy Act or Code.

It is clear that the fact situation in this case and the law and policy of the State of Ohio, as imposed by defendant, result in discriminatory treatment of the plaintiffs based on a debt discharged in bankruptcy. Therefore, defendant is in violation of the provisions of § 525 of the Bankruptcy Code. See also, *In re Patterson*, 10 B.R. 860 (Bkrtcy.E.D.Pa.1981), ¶ 67,989 C.C.H. Bankr.Law Rep. In that case, the bankruptcy judge followed the *Henry v. Heyison* case cited above and ordered that the Commonwealth of Pennsylvania restore operating privileges to the debtor. Therefore, pursuant to 11 U.S.C. § 105(a), this Court orders that the defendant remove all restrictions on the driving privileges of plaintiffs founded on the unsatisfied judgments included in the bankruptcy case and discharged pursuant to § 524.

IT IS SO ORDERED.