**In the Matter of Frank Laddie CERNY, Debtor.**

**Bankruptcy No. 680–01652.**

United States Bankruptcy Court, N. D. Ohio.

Jan. 18, 1982.

222

David T. Tarr and Stephen J. Harrison of G. S. Krainess Co., L.P.., Canton, Ohio, for debtors.

Susan C. Hayest, Asst. Atty. Gen., Columbus, Ohio, for the State of Ohio, Bureau of Motor Vehicles.

## MEMORANDUM OF DECISION AND ORDER

JAMES H. WILLIAMS, Bankruptcy Judge.

This matter is before the court upon the motion of the debtor seeking restoration of his driving privileges, which have been suspended by the Registrar of Motor Vehicles pursuant to Ohio's financial responsibility law. Debtor contends that the requirement of prospective financial responsibility insurance in a form prescribed by Section 4509.45 of the Ohio Revised Code violates the anti-discrimination provisions of 11 U.S.C. § 525, thereby running afoul of the Supremacy Clause of the United States Constitution, Article VI, clause 2.

The facts involved are not in dispute. On August 22, 1979, the Ohio Bureau of Motor Vehicles sent debtor a notice of suspension of driving privileges. This suspension was mandated by Section 4509.37 of the Ohio Revised Code, which requires the Registrar to act against all registrants and licensees subject to unsatisfied judgments which have arisen from automobile accidents. The debtor does not challenge the propriety of the suspension.

On September 29, 1980, debtor filed a Chapter 13 petition with this court, and the judgment debt was listed as an unsecured obligation. A plan of arrangement was confirmed on November 21, 1980, providing for a payment of 37 percent on the unsatisfied judgment. Subsequently, on January 15, 1981, debtor moved for the restoration of his driving privileges, and the court entered an order of restoration based upon debtor's need of transportation for work purposes.

The instant motion is the result of debtor's unsuccessful attempts to restore his driving privileges. In a letter to the debtor dated May 7, 1981, a representative of the Bureau of Motor Vehicles indicated that payment of the debt through a Chapter 13 plan was sufficient to constitute a stay of the judgment for purposes of the financial responsibility statute. However, the Bureau insisted that debtor provide evidence of financial responsibility as required by Section 4509.40 of the Ohio Revised Code before it would vacate his suspension. Debtor in turn has moved the court for an order determining that he is entitled to restoration without further proof of financial responsibility.

Debtor argues that the protection against discriminatory treatment afforded by the Bankruptcy Code invalidates the state law requirement of future financial responsibility as applied to him. The focus of this argument is upon 11 U.S.C. § 525, which provides:

Except as provided in Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §§ 499a–499s), the Packers and Stockyards Act, 1921 (7 U.S.C. §§ 181–229), and section 1 of the Act entitled 'An Act making appropriations for the Department of Agriculture for the fiscal year ending June 30, 1944, and for other purposes,' approved July 12, 1943 (57 Stat. 422; 7 U.S.C. § 204), a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a

debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

The legislative history states that Section 525 codifies the result of *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). *See* House Report No. 95–595, 95th Cong., 1st Sess. (1977) 366, U.S.Code Cong. & Admin.News 1978, p. 5787. However, the history makes it clear that the *Perez* rule is in the process of judicial development and that the language of the statute should not be viewed as exhaustive. *See* House Report No. 95–595, 95th Cong., 1st Sess. (1977) 367.

The Supreme Court in *Perez* recognized that the instant question was not presented for decision in that case. Speaking of an Arizona provision similar to Section 4509.40 of the Ohio Revised Code, Justice White noted that "the validity of this limited requirement that some drivers post evidence of financial responsibility for the future in order to regain driving privileges is not questioned here." 402 U.S. at 642, 91 S.Ct. at 1707. Again, the legislative history addresses this deficiency, noting that Section 525 "does not prohibit consideration of other factors, such as future financial responsibility or ability, and does not prohibit imposition of requirements such as net capital rules, if applied nondiscriminatorily." House Report No. 95–595, 95th Cong., 1st Sess. (1977) 367.

■ From the foregoing, it appears that the sole issue for determination is whether the application of Revised Code Section 4509.40 to this debtor results in the sort of discrimination which is prohibited by the "fresh start" policy of the Bankruptcy

Code. The stated purpose of the fresh start policy is to give discharged debtors a new start unhampered by the pressure and discouragement of pre-existing debt. *Perez v. Campbell*, 402 U.S. 637, 649, 91 S.Ct. 1704, 1711, 29 L.Ed.2d 233 (1971).

Debtor refers the court to the case of *In re Henry*, 4 B.R. 437, 6 B.C.D. 243, 1 C.B. C.2d 552 (E.D.Pa., 1980), which held that application of a prospective financial responsibility requirement in Pennsylvania's vehicle code was contrary to 11 U.S.C. § 525 and therefore was invalidated by the Supremacy Clause. The argument advanced in *Henry* is that a debtor who has received a discharge is entitled to treatment as if he had never incurred the debt:

> ■ Defendants, however, fail to consider the language in Section 525 which prohibits discrimination based upon a debt which was discharged under the Bankruptcy Act or Code. By focusing exclusively upon the language prohibiting discrimination because of the bankruptcy itself, defendants ignore that part of the statute which is directly applicable to this case. Plaintiffs have never argued that the financial responsibility requirement discriminates against persons because of their bankruptcy. Thus to say that the financial responsibility requirement does not discriminate against persons because of their bankruptcy misses the point. The financial responsibility requirement clearly does discriminate on the basis of debts which have been discharged in bankruptcy and therein lies the conflict with Section 525 of the Bankruptcy Code.

*In re Henry*, 4 B.R. 437, 442, 6 B.C.D. 243, 246, 1 C.B.C.2d 552, 559 (E.D.Pa., 1980).

Indeed, the construction of Section 525 which was suggested in *Henry* has been recently applied to Ohio's financial responsibility law with a similar result, *see In re Duffey*, 13 B.R. 785, 8 B.C.D. 271 (Bkrtcy.S. D.Ohio, 1981). The decision in *Duffey* is currently being appealed by the Registrar of Motor Vehicles for the State of Ohio.

In response to debtor's motion, the state has persuasively argued that it has complied with Section 525 by recognizing that

the bankruptcy proceeding is a permissible means of satisfying the judgment, and that the requirement of future financial responsibility is an additional condition of reinstatement which applies uniformly to all persons who have not satisfied judgments arising from automobile accidents.

It is not question that the imposition of the prospective financial responsibility obligation was triggered by an unpaid debt which will ultimately be discharged in bankruptcy if debtor completes his plan. It is quite another matter to assert that enforcement of a regulation based upon the cause of the indebtedness amounts to discrimination within the meaning of 11 U.S.C. § 525.[1] Assuming arguendo that the language of Section 525 is sufficiently ambiguous to support the result reached in *Henry*, the legislative history appears conclusively to validate Ohio's future financial responsibility requirement.

■ It is a settled principle of statutory construction that, where the words of a statute are doubtful, resort may be had to the legislative history of an act. *E.g., Tidewater Oil Co. v. United States*, 409 U.S. 151, 157, 93 S.Ct. 408, 412, 34 L.Ed.2d 375 (1972); *Caminetti v. United States*, 242 U.S. 470, 490, 37 S.Ct. 192, 196, 61 L.Ed. 442 (1917). The history to 11 U.S.C. § 525 expressly provides that a governmental unit may impose a future financial responsibility requirement upon licensees so long as it is applied nondiscriminatorily. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 367.

In giving meaning to the concept of nondiscriminatory application, this court must again respectfully disagree with the opinion in *Henry*. The purpose of Ohio's financial responsibility law is to provide sanctions which would encourage owners and operators of motor vehicles within the state of Ohio to maintain liability insurance sufficient to compensate others injured through the negligence of an owner or operator. *Iszczukiewicz v. Universal Underwriters Ins. Co.*, 182 F.Supp. 733, 735 (N.D.Ohio, 1960), *aff'd. mem.*, 290 F.2d 590 (6th Cir., 1961).

■ Keeping the abovementioned purpose in mind, it is clear that the future financial responsibility requirement of Revised Code Section 4509.40 applies to debtor and non-debtor alike. For this reason, the court concludes that the future financial responsibility statute is being applied nondiscriminatorily and is therefore consistent with 11 U.S.C. § 525. Any other result would appear to go beyond the fresh start policy of *Perez* and would effectively give a debtor a head start over persons who are able to satisfy their unpaid judgment debts without resort to a discharge in bankruptcy.[2]

In reaching this decision, the court observes that the future financial responsibility requirement of Revised Code Section 4509.40 may be satisfied by the filing of a certificate of insurance. *See* Ohio Rev.Code Ann. § 4509.45(A) (Anderson, 1973). As a driver's license is a privilege rather than a

---

1. The legislative history of Section 525 appears to supply the only working definition of the type of discrimination prohibited by that section:

> The purpose of the section is to prevent an automatic reaction against an individual for availing himself of the protection of the bankruptcy laws. Most bankruptcies are caused by circumstances beyond the debtor's control. To penalize a debtor by discriminatory treatment as a result is unfair and undoes the beneficial effects of the bankruptcy laws. However, in those cases where the causes of bankruptcy are intimately connected with the license, grant, or employment in question, an examination into the circumstances surrounding the bankruptcy will permit governmental units to pursue appropriate

regulatory policies and take appropriate action without running afoul of bankruptcy policy.

House Report No. 95–595, 95th Cong., 1st Sess. (1977) 165, U.S.Code Cong. & Admin.News 1978, p. 6126.

2. The Supremacy Clause argument advanced by debtor would only invalidate the requirements of Revised Code Section 4509.40 as applied to persons who dispose of unsatisfied judgments through the bankruptcy process. Allowing a debtor to escape from future financial responsibility requirements while subjecting others to those same requirements goes well beyond the parity envisioned by the fresh start policy.

right, such a requirement is neither unreasonable nor discriminatory in nature. Debtor's motion for restoration of driving privileges absent full compliance with Revised Code Section 4509.40 is not well taken and is therefore denied.

IT IS SO ORDERED.