In re Thomas J. SHAMBLIN, Kathy E. Shamblin, Debtors.

Thomas J. SHAMBLIN, Plaintiff,

v.

STATE OF OHIO, et al., Defendants.

Bankruptcy No. 2–81–00154.
Adv. No. 2–81–0218.

United States Bankruptcy Court,
S. D. Ohio, E. D.

Feb. 26, 1982.

Mitchel D. Cohen, Columbus, Ohio, for debtors/plaintiff.

William J. Brown, Atty. Gen., State of Ohio, Susan C. Hayest, Asst. Atty. Gen., Columbus, Ohio, for defendants.

Frank Pees, Worthington, Ohio, Trustee.

## OPINION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

R. J. SIDMAN, Bankruptcy Judge.

Thomas J. Shamblin ("Shamblin"), a Chapter 13 debtor, has filed a complaint against the State of Ohio and its Bureau of Motor Vehicles (herein referred to as "Ohio BMV") seeking the reinstatement of his driver's license and registration privileges. Both Shamblin and Ohio BMV have filed motions for summary judgment, and this matter is before the Court on the merits of those motions. The facts in this case appear to be undisputed and are found as follows.

A judgment was obtained against Shamblin in the Franklin County, Ohio, Municipal Court on August 21, 1978. The judgment was in the amount of $552.39 and related to damages caused by Shamblin to the plaintiff in that action as a result of a motor vehicle accident. The judgment entry further delineated an installment agreement by which Shamblin was to pay the plaintiff in that action $30.00 (apparently per month) until he had paid the total amount of the judgment. Because the judgment was not satisfied within a thirty (30) day period as prescribed by statute (see § 4509.40 of the Ohio Revised Code), on December 11, 1978, the Ohio BMV informed Shamblin that his driver's license and registration would be suspended unless Shamblin agreed to provide proof of financial responsibility (either by securing insurance or by posting a cash bond or other surety) and to submit evidence to the Ohio BMV that he had satisfied or agreed to pay the judgment.

Subsequently, Shamblin did purchase and file with the Ohio BMV proof of financial responsibility, effective February 2, 1978, and did in fact adhere to the payment schedule as outlined in the judgment entry of August 21, 1978. However, the Ohio BMV was later informed by Shamblin's insurer that he had cancelled his financial responsibility insurance effective August 19, 1980. In addition, the Ohio BMV was also notified that on September 12, 1980, Shamblin had defaulted on his agreement to pay the installments due on the August 21, 1978, judgment. Shamblin had made only 6 payments in a 19-month period from February, 1978, through September, 1980. Thus, the Ohio BMV informed Shamblin that his license and registration privileges were suspended, effective September 26, 1980, for his failure to maintain financial responsibility as required by Chapter 4509 of the Ohio Revised Code.

Shamblin, along with his spouse, filed a joint Chapter 13 petition in this Court on January 15, 1981. Among the listed obligations of Shamblin was the unsatisfied August 21, 1978, judgment. Shamblin's Chapter 13 plan, which was confirmed by order of this Court dated February 24, 1981, proposes a 25% dividend to all his unsecured creditors, including the judgment creditor previously mentioned.

It is the position of Shamblin that the provisions of § 525 of the Bankruptcy Code require, under the circumstances and facts

set forth above, that Ohio BMV reinstate his driver's license and registration privileges. Section 525 of the Bankruptcy Code provides:

"Except as provided in Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499a–499s), the Packers and Stockyards Act, 1921 (7 U.S.C. 181–229), and section 1 of the Act entitled "An Act making appropriations for the Department of Agriculture for the fiscal year ending June 30, 1944, and for other purposes," approved July 12, 1943 (57 Stat. 422; 7 U.S.C. 204), a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act." 11 U.S.C. § 525.

Ohio BMV, on the other hand, contends that the provisions of Chapter 4509 of the Ohio Revised Code operate to continue to require proof of financial responsibility in order for Shamblin's license and registration privileges to be restored. Specifically, § 4509.40 of the Ohio Revised Code provides:

"Any license, registration, and nonresident's operating privilege suspended for nonpayment of a judgment shall remain so suspended for a period of seven years from the effective date of suspension, and while such order is in force no license, registration, or permit to operate a motor vehicle shall be issued in the name of such person, including any such person not previously licensed. The registrar shall vacate the order of suspension upon proof that such judgment is stayed, or satisfied in full or to the extent provided in section 4509.41 of the Revised Code, subject to the exemptions stated in sections 4509.37, 4509.38, 4509.39, and 4509.-42 of the Revised Code, and upon such person's filing with the registrar of motor vehicles evidence of financial responsibility in accordance with section 4509.45 of the Revised Code."

The essence of the issue before this Court is the interplay between § 525 of the Bankruptcy Code, prohibiting any discrimination against debtors who may have utilized a bankruptcy remedy, and § 4509.40 of the Ohio Revised Code which places the burden of continuing evidence of financial responsibility upon debtors who have had a license suspension as a result of an unpaid judgment emanating from damages involving the operation of a motor vehicle. Several bankruptcy courts have spoken to this issue, and most have held, under the facts presented in each of the cases, that the state licensing authority was without authority to withhold driving privileges. See *Henry v. Heyison*, 4 B.R. 437, 6 B.C.D. 243 (E.D.Pa.1980); *Young v. Department of Motor Vehicles (In re Young)*, 10 B.R. 17 (Bkrtcy.S.D.Cal.1980); *Briner v. Charnes (In re Briner)*, 10 B.R. 850, 7 B.C.D. 656 (Bkrtcy.D.Colo.1981); *In re Patterson*, 10 B.R. 860 (Bkrtcy.E.D.Pa.1981); *Layfield v. Director of Public Safety of the State of Alabama (In re Layfield)*, 12 B.R. 846, 7 B.C.D. 1201 (Bkrtcy.N.D.Ala.1981); and *Duffey v. Dollison (In re Duffey)*, 13 B.R. 785, 8 B.C.D. 271 (Bkrtcy.S.D.Ohio 1981).

In each of those cases it is pointed out that the legislative history of § 525 of the Bankruptcy Code indicates that this code section was introduced and intended to codify the fresh start doctrine of *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), and that in furtherance of that objective the important right of a debtor to operate a motor vehicle cannot be denied by a state by reason of the nonpayment of a judgment discharged in bankruptcy. This is especially true in the Chapter 13 area where a debtor's right to oper-

ate a motor vehicle may be crucial to the execution of his Chapter 13 plan.

The Ohio BMV has apparently recognized that Shamblin's prospective discharge to be issued upon successful completion of his Chapter 13 plan sufficiently satisfies the requirement that he pay the judgment rendered against him. However, the Ohio BMV has insisted that the requirement of proof of financial responsibility is not affected by the bankruptcy filing and that without such proof Shamblin's license and registration privileges cannot be restored.

As the district court judge stated in *Henry v. Heyison, supra,* however:

"The language of the Bankruptcy Code and the supporting House and Senate reports makes Congress' intent clear. Once a debt has been discharged under the code a state may not treat a debtor differently than a person who never incurred a debt. Thus, although a state could legitimately require financial responsibility insurance for all its non-owner drivers, the code prohibits it from treating those with judgments discharged in bankruptcy differently from those who never had such debts." *Henry, supra,* 4 B.R. 437, 6 B.C.D. at 246.

The eligibility requirement sought to be imposed upon Shamblin is not one which is required of the general driving public. A person, such as Shamblin, who had an unsatisfied tort judgment discharged (or to be discharged upon completion of the Chapter 13) in bankruptcy is required to maintain proof of financial responsibility, while other persons, who have never had such an obligation, are not so required.

Judge Pettigrew of this Court has concluded, in a Chapter 7 context, that Ohio's financial responsibility requirement is discriminatory and in violation of § 525 of the Bankruptcy Code. *Duffey v. Dollison (In re Duffey),* 13 B.R. 785, 8 B.C.D. 271 (Bkrtcy. S.D.Ohio 1981). In this Court's opinion, the fact that this same issue has arisen in the Chapter 13 context is not sufficient to vary the *Duffey* result.

This Court is persuaded by the rationale advanced in the above cited cases and here-

by finds that Shamblin is entitled to summary judgment on his complaint. This Court hereby orders the Ohio BMV to reinstate Shamblin's driver's license and registration privileges forthwith without regard to proof of financial responsibility in relation to the August 21, 1978, judgment.

Concomitantly, Ohio BMV's motion for summary judgment is found to be without merit and it is hereby overruled. A judgment will enter forthwith.

IT IS SO ORDERED.