**In re Willie T. and Diane TAYLOR, Debtors.**

**No. 82–01721–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Jan. 27, 1983.

Michael Ullman, Miami, Fla., for debtors.

## ORDER ON DEBTORS' MOTION TO COMPEL REVOCATION OF ORDER OF SUSPENSION

THOMAS C. BRITTON, Bankruptcy Judge.

The debtors have moved that the Order of Suspension issued by the Florida Department of Highway Safety and Motor Vehicles on October 29, 1982, be revoked. (C.P. No. 10) No one appeared on behalf of the State at the hearing on January 24.

The State licensing authority revoked the driver's license of the debtor, Willie Taylor, after he had filed for bankruptcy, because of an unsatisfied pre-petition judgment against the debtor for damages resulting from a motor vehicle accident. The debt created by the judgment is dischargeable in bankruptcy. The effect of the debtor's discharge is to void this judgment. 11 U.S.C. § 524(a)(1).

The issue is whether this action by the State licensing authority violates the provisions of the Bankruptcy Code. The action was taken under the authority of the Florida Financial Responsibility Law, Fla. Stat. Chapter 324, and the Florida Automobile Reparations Reform Act, Fla.Stat. Chapter 627. These State laws are not excepted from the automatic stay provided by 11 U.S.C. § 362(a). *In re Sampson,* Bkrtcy.D.Conn.1982, 17 B.R. 528, 530.

The rights of debtors with respect to governmental actions based upon discharged debts are set forth in § 525. The legislative history indicates that this section codifies the result of *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), which held that a State would frustrate the Congressional policy of a fresh start for a debtor if it were permitted to refuse to renew a driver's license because a tort judgment resulting from an automobile accident had been unpaid as a result of a discharge in bankruptcy. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 366–7 (1977); S.Rep. No. 95–989, 95 Cong., 2d Sess. 81 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

I find that § 525 is applicable in this matter and conclude that a department of the State of Florida, as a governmental unit, has wrongfully revoked the licensed driving privilege of the debtor constituting discriminatory treatment under § 525.

Accordingly, the Florida Division of Driver Licenses is barred from enforcing its October 29, 1982 Order of Suspension and it is ordered to restore the driving privileges of the debtor, Willie Taylor.