**In the Matter of: Venessa D. HOLDER, Debtor.**

**Venessa D. HOLDER, Plaintiff,**

v.

**STATE OF WISCONSIN DEPARTMENT OF TRANSPORTATION and Norbert K. Anderson, as administrator of the Division of Motor Vehicles for said Department, only, Defendants.**

**Bankruptcy No. 83–00089.**

**Adv. No. 83–1139.**

United States Bankruptcy Court, E.D. Wisconsin.

June 20, 1984.

Clifton G. Owens, Wilson, Broadnax & Owens, Milwaukee, Wis., for plaintiff.

Daniel S. Farwell, Asst. Atty. Gen., Madison, Wis., for defendants.

C.N. CLEVERT, Bankruptcy Judge.

In this case, the court must determine whether the refusal of the State of Wisconsin, Department of Transportation (State), to reinstate the discharged debtor's drivers license in the absence of proof of financial responsibility, as required by section 344.-26, WIS.STAT., constitutes improper governmental discrimination, contrary to 11 U.S.C. § 525.[1] The issue presented is to be decided on the State's motion to dismiss for failure to state a claim upon which relief

---

1. § 525. Protection against discriminatory treatment.

Except as provided in Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §§ 499a—499s), the Packers and Stockyards Act, 1921 (7 U.S.C. §§ 181–229), and section 1 of the Act entitled "An Act making appropriations for the Department of Agriculture for the fiscal year ending June 30, 1944, and for other purposes," approved July 12, 1943 (57 Stat. 422; 7 U.S.C. § 204), a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has

can be granted. The State filed a brief supporting its motion, and the debtor has chosen not to file an answering brief.

For the purpose of this motion, the well pleaded allegations in the complaint will be taken as admitted. See, 2A *Moore's Federal Practice* ¶ 12.08 (2d ed. 1984).

On May 17, 1982, judgment was entered against Venessa D. Holder (Holder) in Milwaukee County Circuit Court for negligent operation of a motor vehicle. Thereafter, her motor vehicle operating privileges were revoked pursuant to sec. 344.25, WIS. STAT. Holder, subsequently, filed for bankruptcy under Chapter 7 of the Bankruptcy Code and on April 11, 1983, was granted a discharge, including discharge for the May 17, 1982, judgment. Afterward, the debtor's bankruptcy estate was closed and the trustee was discharged.

The debtor has since applied for reinstatement of her operating privileges. However, the State has denied this request because sec. 344.26(1), WIS.STAT. provides that a revocation remains in effect after a judgment is satisfied or discharged, unless three years have lapsed or the defendant furnishes and maintains during that three year period, proof of financial responsibility. In this case, the three year period has not passed nor has the debtor posted proof of financial responsibility. It is for those reasons that the debtor brought this action alleging discriminatory treatment in violation of 11 U.S.C. § 525.

The debtor argued that the State discriminated against her on the basis of her status as a debtor because she would not have been required to demonstrate proof of financial responsibility if she were a new driver. Therefore, she concluded that the requirement of financial responsibility violated the "fresh start" principles of the Bankruptcy Code.

The State disputed these assertions claiming that the dual requirements of sec. 344.26, WIS.STAT.—satisfaction of judgment and three year waiting period or alternatively proof of financial responsibility—are applied to all persons against whom judgment has been rendered regardless of whether the judgment was paid or discharged in bankruptcy. In addition the State pointed out that even though the legislative history of section 525 states that it codifies the result in *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971) it also indicates that Congress recognized and approved of certain financial responsibility requirements.[2]

In *Perez* the U.S. Supreme Court found that the Arizona Safety Responsibility Act was constitutionally invalid under the Supremacy Clause because it frustrated the bankruptcy "fresh start" by requiring the payment of a discharged judgment as a condition to restoration of a driver's license. In reaching its decision, the Court employed a two-step process: first, the Court examined the purpose and structure of the bankruptcy and the financial responsibility laws; and secondly, the Court determined whether a conflict existed. The determination of conflict, as exemplified and mandated by the *Perez* Court, is not limited to a superficial examination of legislative purposes but requires an examination of the practical effect of the state laws upon federal policy:

> We can no longer adhere to the aberrational doctrine of *Kesler* [369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641] and *Reitz* [314 U.S. 33, 62 S.Ct. 24, 86 L.Ed. 21]

been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

**2.** The legislative history states that:

The prohibition extends only to discrimination or other action based solely on the basis of the bankruptcy, on the basis of insolvency before or during bankruptcy prior to a deter-

mination of discharge, or on the basis of nonpayment of a debt discharged in the bankruptcy case (the *Perez* situation). It does not prohibit consideration of other factors, such as future financial responsibility or ability, and does not prohibit imposition of requirements such as net capital rules, if applied nondiscriminatorily. H.R.Rep. No. 595, 95th Cong., 1st Sess. 366–367; S.Rep. No. 989, 95th Cong., 2d Sess. 81 (1978); reprinted 1978 U.S. Cong. & Ad. News 5787, 5867, 6322–6323.

that state law may frustrate the operation of federal law as long as the state legislature in passing its law had some purpose in mind other than one of frustration. Apart from the fact that it is at odds with the approach taken in nearly all our Supremacy Clause cases, such a doctrine would enable state legislatures to nullify nearly all unwanted federal legislation by simply publishing a legislative committee report articulating some state interest or policy—other than frustration of the federal objective—that would be tangentially furthered by the proposed state law. 402 U.S. at 651–652, 91 S.Ct. at 1712–1713.

Two lines of cases have evolved with regard to the requirement of proof of financial responsibility and § 525. One line of cases holds that such requirement is a violation of § 525.[3] The other line of cases holds the requirement not to be discriminatory and recognizes the state's interest in insuring that future accident victims be compensated.[4] Based upon a reading of these cases and *Perez*, as well as the arguments presented, the court concludes that the latter line of cases is more persuasive and should be followed.

The force of the argument in those cases which hold that proof of financial responsibility is not discriminatory is best represented by *Duffey v. Dollison.*

In *Duffey* the Sixth Circuit Court of Appeals affirmed the district court reversal of the bankruptcy court's decision[5] which found that Ohio's financial responsibility law discriminated against debtors under 11 U.S.C. § 525. The Ohio law required proof of financial responsibility after a certain period of time passed and the driver failed to satisfy a judgment for damages arising from an automobile accident or had been convicted of serious traffic offenses.

In the bankruptcy court, the judge found that the Ohio law discriminated against the debtors because it required them to show proof of financial responsibility for three years following their suspension for failure to satisfy a judgment, even though the judgment had been discharged in bankruptcy and there was no similar eligibility requirement for drivers who were not judgment debtors.

The Sixth Circuit Court of Appeals, rejecting the reasoning of the bankruptcy court, held that the Ohio law

in no way discriminates against bankruptcy, or penalizes them for filing in bankruptcy: The statute applies without exception to *any* person who fails to satisfy a judgment for whatever reason, whether because of unwillingness, inadvertence, or inability to pay. Once a judgment has been certified to the Registrar for nonpayment, the debtor's obligation to furnish proof of financial responsibility becomes fixed. Thereafter, neither payment of the debt, reaffirmation, nor bankruptcy can relieve the debtor of this requirement. Judgment debtors such as the Duffeys who seek relief under the bankruptcy laws are therefore treated no differently from any other judgment debtor. Indeed it is this lack of discrimination to which the Duffeys take exception. By arguing that bankrupts who have proved to be irresponsible drivers should be excused from the requirement of posting proof of financial responsibility, the Duffeys in effect ask this court "to go beyond the fresh start policy of *Perez* and ... give a debtor a head start over persons who are able to satisfy their unpaid judgment debts without resort to a discharge in bankruptcy." *In re Cerny,* 17 B.R. 221, 224 (Bankr.N. D.Ohio 1982). We do not believe that section 525 was intended by Congress to afford debtors in bankruptcy such preferential treatment. *Id.* at 273.

---

3. *Henry v. Heyison,* 4 B.R. 437 (E.D.Pa.1980); *In re Taylor,* 27 B.R. 83 (Bankr.S.D.Fla.1983); *Layfield v. Director of Public Safety of the State of Alabama (In re Layfield),* 12 B.R. 846. (Bankr. N.D.Ala.1981); *In re Patterson,* 10 B.R. 860 (Bankr.E.D.Pa.1981).

4. *Duffey v. Dollison,* 734 F.2d 265 (6th Cir.1984); *Hinders v. Miami Valley Regional Transit Authority,* 22 B.R. 810 (Bankr.S.D.Ohio 1982); *In re Cerny,* 17 B.R. 221 (Bankr.N.D.Ohio 1982).

5. 13 B.R. 785 (Bankr.S.D.Ohio 1981) (Pettigrew, B.J.)

The court however, limited its holding to the situation where the requirement to furnish proof of financial responsibility has become fixed, through certification, prior to bankruptcy. The narrow holding recognized that portion of the Ohio law which provides that the suspension of privileges for failure to satisfy a judgment does not occur until the judgment creditor requests in writing that a certified copy of the judgment be forwarded to the Registrar. The court noted that such a provision could potentially be abused by a judgment creditor to coerce the reaffirmation of the discharged judgment debt.

Based upon *Duffey* and *Perez*, a determination of discrimination under Code section 525 could encompass at least two levels of inquiry. First, there may be an inquiry as to whether the state law is in conflict with the bankruptcy law. Secondly, there may be an inquiry as to whether or not the law was being used in conflict with the fresh start principle which underlies bankruptcy laws.

Consistent with that, this court has examined the Wisconsin statute which has been brought into question here.

Section 344.25, WIS.STAT., provides for the revocation of operating privileges and all registrations of those persons against whom judgments were rendered for damages in excess of $500 in connection with motor vehicle accidents. Section 344.26(1) WIS.STAT., provides that the revocation continues

> until every judgment mentioned in § 344.25 is stayed, satisfied or discharged and, unless 3 years have elapsed since the date of entry of the judgment which was the cause for revocation, until the person whose operating privilege and registration was revoked furnishes proof of financial responsibility for the future and maintains such proof at all times during such 3-year period when the operating privilege or registration is in effect.

6. Indeed, the opposite appears to be true based upon *Lang v. Kurtz,* 100 Wis.2d 40, 44, 301 N.W.2d 262 (1980). There the Wisconsin Court of Appeals said:
> The purpose of the financial responsibility law is to provide a method of compensating a

Under section 344.30 proof of financial responsibility may be furnished by the filing of a certificate of insurance, a bond, a certificate of deposit of money or securities, or a certificate of self-insurance.

It is evidence from the face of the statutes that the financial responsibility requirement being challenged by Holder applies with equal force to judgment debtors who have satisfied, stayed or discharged their judgments. Although Holder is correct that Wisconsin's financial responsibility law does not apply to new drivers, it does not discriminate against this debtor *solely* because she filed a petition in bankruptcy.[6] In addition, there is nothing in the record to suggest that the financial responsibility law can be used—or is being used in this case—as leverage to coerce the reaffirmation of a dischargeable debt.

Based upon the foregoing,

IT IS ORDERED that the state's motion to dismiss the complaint in this action for failure to state claim upon which relief can be granted be and hereby is granted.

third party for damages that might result from future accidents involving an operator whose license has been previously revoked or suspended.