RISNER, APPELLEE, *v.* THE STATE OF OHIO, APPELLANT.

[Cite as Risner v. State (1975), 45 Ohio App. 2d 5.]

(No. CA 74-08-0071—Decided June 9, 1975.)

*Mr. John T. Willard,* for appellee.
*Mr. William J. Brown,* Attorney General, and *Mr. Rodney B. Teague,* for appellant.

CRAWFORD, J. Plaintiff Larry Ray Risner, the appellee herein, was convicted of violating R. C. 4507.16(E), which provides penalties for "failing to stop and disclose [one's] identity at the scene of the accident when required by law to do so." The Registrar of Motor Vehicles, being notified of this fact, proceeded, in accordance with his mandatory duty under R. C. 4509.31 to suspend his driver's license and registration.

Plaintiff appealed this suspension pursuant to R. C. 119.12 to the Court of Common Pleas of Butler County. That court held that such suspension without a pre-suspension hearing was unconstitutional, and set the suspension aside. The registrar has appealed.

At the outset, the following obvious questions present themselves. The plaintiff, having been tried and found guilty of the offense charged and his conviction being, by statute, the basis upon which alone the registrar is required to suspend his license, etc., what further hearing is needed? What remains to be heard? What more is to be decided?

The plaintiff has been convicted, as he admits. From that conviction he has the usual rights to appeal and to apply for post-conviction relief. However, unless he is en-

joined or restrained, the registrar must proceed to suspend the license on the basis of the conviction alone. Any further hearing is irrelevant and immaterial.

The common pleas judge and the plaintiff rely upon the case of *Bell* v. *Burson* (1971), 402 U. S. 535, which, in our view, is not applicable to the facts now before us. That case arose in the state of Georgia under a statute that differed materially from our own. In our case, the opinion of the court from which the instant appeal is taken, began:

"Georgia's Motor Vehicle Safety Responsibility Act provides that the motor vehicle registration and driver's license of the uninsured motorist involved in the accident shall be suspended unless he posts security to cover the amount of damages claimed by aggrieved parties in reports of the accident. The administrative hearing conducted prior to the suspension excludes (sic) consideration of the motorists's fault or liability for the accident."

From that brief initial statement, it is apparent that the suspension was based upon liability without a hearing on that issue. In the *Bell* case, the court said: "Since the statutory scheme makes liability an important factor in the State's determination to deprive an individual of his licenses, the State may not, consistently with due process, eliminate consideration of that factor in its prior hearing." (Page 541.) That statement must be accepted as self-evident.

The unreasonableness of the state's proceeding without a hearing on liability in that case is pointed up by the circumstances. The court explained:

"* * * [P]etitioner was involved in an accident when five-year old Sherry Caper rode her bicycle into the side of his automobile. The child's parents filed an accident report with the Director of the Georgia Department of Public Safety indicating that their daughter had suffered substantial injuries for which they claimed damages of $5,000, and he was told that unless he was covered by a liability insurance policy in effect at the time of the accident he must file a bond or cash security deposit of $5,000, or present a notarized release from liability, plus proof of future financial responsibility, or suffer the suspension of his driver's license and vehicle registration."

The court emphasized that if the petitioner were to be held responsible for liability and damages still undetermined, there should be a hearing on such issue, and specified that "procedural due process will be satisfied by an inquiry limited to the determination whether there is a reasonable possibility of judgments in the amounts claimed being rendered against the licensee."

The Georgia statute varied in its theory and purpose from our own. Ours has nothing to do with fault or liability for the offense of which the licensee is convicted. It merely takes the position that the conviction shows him to be an "irresponsible" driver and for the future protection of the public his license must be suspended unless he "has given or immediately gives and thereafter maintains * * * proof of financial responsibility."

Plaintiff argues the wisdom or lack of wisdom of the legislature in devising this method. But it is not our province to advise the legislature, and these criticisms do not bear upon the main issue of whether due process has been followed without the requirement of a pre-suspension hearing. The case of *Weaver* v. *O'Grady* (S. D. Ohio 1972), 350 F. Supp. 403 has also been cited. This dealt with the Ohio financial responsibility statutes, but is wide of the mark in a case such as ours, where the sole cause of suspension was the criminal conviction. That case was concerned with unsatisfied judgments and prospective liability.

In *House* v. *O'Grady* (1973), 35 Ohio Misc. 20, paragraphs one and two of the syllabus state:

"1. A discharge in bankruptcy constitutes satisfaction or payment under R. C. 4509.40, but does not satisfy nor preclude the requirement of proof of financial responsibility, as required by same statute.

"2. The requirements of a pre-suspension hearing, under R. C. Chapter 4509, are limited to those cases in advance of judgment."

The opinion added the following words to the second paragraph of the syllabus: "and the *Weaver* case so recognized."

Plaintiff complains: "The statute has failed to provide the manner in which a person may post financial responsibility insurance if required to by Sections 4509.31 and 4507.-

16(E), Revised Code, insofar as it is incorporated into Section 4509.31 R. C. lacks a rational basis.''

He argues that R. C. 4509.45, requiring proof of financial responsibility, sets forth how proof of financial responsibility, when required under certain specified sections of the code, may be given, but omits therefrom any reference to R. C. 4509.31, under which the registrar acted to suspend his license for a violation of R. C. 4507.16(E).

There may be a certain imprecision in some of the cross references in the code. However, R. C. 4509.44 may serve to plug some of the gaps, by use of these words: ''No motor vehicle shall be or continue to be registered in the name of any person required to file proof of financial responsibility unless such proof is furnished and maintained in accordance with Section 4509.45 of the Revised Code.'' At most, plaintiff has asserted a procedural problem in this regard which is not insurmountable, and is not vital to the validity of R. C. Chapter 4509.

On the primary issue in this case, we conclude that the registrar was required by R. C. 4509.31 to suspend plaintiff's license because of his conviction under R. C. 4507.16 (E); that the plaintiff had already received a hearing in his trial of the criminal charge, from which he had available an opportunity to appeal, etc.; that there is nothing to be considered by the Registrar; and that due process does not require any further hearing.

The judgment appealed from is reversed and the suspension is affirmed.

*Judgment reversed.*

BUZZARD, P. J., and HOLMES, J., concur.

BUZZARD, P. J., retired, of the Court of Common Pleas of Columbiana County, and CRAWFORD, J., retired, of the Second Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting by designation in the First Appellate District.

HOLMES, J., of the Tenth Appellate District, sitting by designation in the First Appellate District.