In re Kenny NORTON, et al., Debtors.

Kenny NORTON, et al.,
Plaintiffs–Appellees,

v.

TENNESSEE DEPARTMENT OF
SAFETY, Defendant–Appellant.

Civ. A. No. 3:87–0755.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 5, 1988.

Thomas F. Bloom, Rithschile & Lefkowitz, Nashville, Tenn., for plaintiffs-appellees.

William E. Young and Raymond Leathers, Asst. Attys. Gen., Nashville, Tenn., for defendant-appellant.

MEMORANDUM OPINION
AND ORDER

NEESE, Senior District Judge, sitting by designation and assignment.

The only issue herein is whether the Bankruptcy Court of this District erred in concluding that subsection 15 of the Tennessee Financial Responsibility (the Tennessee Act), T.C.A. § 55–12–106, discriminates against bankruptcy-debtors in violation of 11 U.S.C. § 525(a). As only an issue of law is implicated in this appeal, "[i]t is appropriate for the district court to review *de novo* the bankruptcy court's legal determinations." *In re Branding Iron Motel, Inc.*, 798 F.2d 396, 399–400[6] (10th Cir.1986).

" '[T]he primary purpose of [11 U.S.C.] § 525 * * * is to prevent [a] government either from denying privileges to individuals solely as a reaction to their filing bankruptcy or from conditioning the grant of privileges on the bankrupts' reaffirmation of certain debts.' " *Duffey v. Dollison*, 734 F.2d 265, 271 (6th Cir.1984) (citations omitted) (the Ohio Financial Responsibility Act did not conflict with the aforecited section because it required all persons, including debtors in bankruptcy, to submit proof of financial responsibility in order to reinstate a previously revoked vehicle operator's license).

Imposition of financial-responsibility requirements upon debtors in bankruptcy is generally permissible provided such requirements are applied non-discriminatorially. *Id.*, at 272–273. The Tennessee Act requires in general that the operator, owner, or both, of a motor vehicle involved in a traffic accident resulting in death, personal injury, or damages of more than $200 to property, submit within 20 days thereafter a report thereof to the Commissioner of Safety of Tennessee, T.C.A. § 55–12–104; if such Commissioner determines, after the receipt of a claim therefor, there is a reasonable possibility of a judgment against such owner or operator, or both, such Com-

missioner must revoke the license and all registrations of the owner, operator, or both, unless such owner, operator, or both, shall deposit financial-security in a sum sufficient, in the judgment of such Commissioner, to satisfy any judgment(s) resulting from such accident which may be recovered against such owner operator, or both, T.C.A. § 55–12–105. Proof of such financial-security may be in the form of a written proof of pertinent insurance coverage, or the deposit with such Commissioner of adequate cash or a sufficient bond therefor, or a notarized release of such claim by all parties, T.C.A. § 55–12–105(b).

Such owner, or operator, or both may avoid such revocation(s) if he, she or it falls into one or more of the exceptions made in T.C.A. § 55–12–106. Of all these excepted owners or operators, only debtors in bankruptcy are required to pay a fee of $65 to avoid the revocation of such licenses. T.C.A. § 55–12–106(15).

The Bankruptcy Court of this District, 76 B.R. 624 (1987), concluded herein that the disparate requirement of such payment from bankruptcy debtors was " * * * not the non-discriminatory application of a conditioning for licensing described in *Duffey* [*v. Dollison, supra* ]." This Court agrees.

Accordingly the order of August 12, 1987 of the Bankruptcy Court of this District hereby is

AFFIRMED.