In re Betty Lois BROWNING, Debtor.

Betty Lois BROWNING, Plaintiff,

v.

TENNSCO CORP., Defendant.

Bankruptcy No. 393–09789.
Adv. No. 393–0170A.

United States Bankruptcy Court,
M.D. Tennessee.

Jan. 20, 1995.

Roy N. Wilson, Brown & Wilson, Dickson, TN, for debtor/plaintiff.

William N. Ozier and Bennett L. Ross, Bass, Berry & Sims, Nashville, TN, for defendant Tennsco Corp.

## DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented is whether Tennsco violated the anti-discrimination provisions of 11 U.S.C. § 525(b) [1] when it assessed demerits against debtor for missing work to attend her meeting of creditors. Tennsco did not violate § 525(b). The following are findings of facts and conclusions of law. FED.R.BANKR.P. 7052.

## I

Debtor filed Chapter 7 on December 21, 1993. Debtor's employer, Tennsco, runs a union shop governed by a collective bargaining agreement.

1. 11 U.S.C. § 525(b) provides:

   No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt—
   (1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;
   (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or

Under the collective bargaining agreement, employees of Tennsco receive *two demerits* for missing a day of work unless the employee: 1) has an extended illness documented by a doctor's note; 2) is subpoenaed to be a witness in a proceeding not personally concerning the employee; or 3) is summoned for jury duty. Twenty-five demerits in one 12–month period is a ground for dismissal. Debtor missed a day of work to attend the § 341 meeting of creditors on January 24, 1994. Debtor received two demerits for that absence. No other disciplinary action was taken against debtor.

Debtor asserts that Tennsco's demerits policy discriminates against employees who are debtors in bankruptcy in contravention of § 525(b), and violates public policy because it will discourage employees from filing bankruptcy. Tennsco responds that its absentee policy is neutral on its face, is applied uniformly, and does not implicate § 525(b).

## II

■ The Sixth Circuit has not been called upon to interpret or apply the anti-discrimination provisions of § 525(b); but the Circuit has twice considered the companion provisions of § 525(a). [2] *See Norton v. Tennessee Dep't of Safety (In re Norton)*, 867 F.2d 313 (6th Cir.1989); *Duffey v. Dollison*, 734 F.2d 265 (6th Cir.1984). *Norton* and *Duffey* involved challenges under § 525(a) to Ohio and Tennessee driver financial responsibility statutes. Both challenges were rejected because the Circuit found no discrimination by the state licensing agencies against debtors in

   (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

2. 11 U.S.C. § 525(a) reads in pertinent part:

   [A] governmental unit may not deny, revoke suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title ... **solely because such ... debtor is or has been a debtor under this title** ....

bankruptcy.[3] As explained by the Court in *Norton,* the Tennessee Financial Responsibility Act, which conditions the issuance or reinstatement of a driver's license to a driver who has not satisfied financial responsibility for a car accident, " 'applies without exception to *any* person who fails to satisfy a judgment for whatever reason....'" 867 F.2d at 318 (emphasis in original). The Sixth Circuit held that equal or uniform treatment of bankruptcy and non-bankruptcy debtors removed the "discrimination" predicate for § 525(a) action.

When faced with a challenge to action by a private employer against a debtor in bankruptcy, the Sixth Circuit can be expected to apply similar analysis to the discrimination component of § 525(b).[4] To come within the prohibition of employment discrimination in § 525(b), the debtor must show that a private employer has applied some different rule, condition or treatment based solely on one of the bankruptcy related characteristics listed in the statute.

Here, Tennsco's contractual policy on work absences is bankruptcy neutral. No evidence suggests that the otherwise neutral policy is applied in a discriminatory fashion toward debtors. All Tennsco employee participants in legal proceedings are assessed two demerits for each workday missed because of court appearances, depositions, etc. Work absence because of a § 341 meeting of creditors is treated no differently than work absence for any other unexcused reason. Nothing in the design or implementation of the exceptions to the demerits policy indicates any discrimination against debtors. Section 525 does not require employers to give bankruptcy debtors preferential treatment.

Tennsco is entitled to summary judgment.

---

11 U.S.C. § 525(a) (1988 & Supp.1993) (emphasis added).

**3.** The holdings in *Norton* and *Duffey* have been criticized. *See* D. Boshkoff, *Bankruptcy–Based Discrimination,* 66 Am.Bankr. L.J. 387, 409–13 (1992).

**4.** Section 525(b) prohibits a private employer to "terminate the employment of, *or discriminate* with respect to employment ..." solely because of bankruptcy. 11 U.S.C. § 525(b) (emphasis added). Tennsco has not terminated this debtor. Only the discrimination aspect of § 525(b) is at issue.