**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 00-10066
Summary Calendar
Civil Action No. 5:99-CV-297-C

_____


In The Matter of: TRUETT DAVID REEVES

                                                Debtor.
----------------------------------------------------

TRUETT DAVID REEVES,

                                                Appellant,

v.

JULIA E. VAUGHN; WALTER STEELE; ALBERT WITCHER; and
BRUCE WYATT,

                                                Appellees.

**Appeal from the United States District Court for the
Northern District of Texas**

June 23, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Truett David Reeves ("Reeves") appeals the dismissal of his suit seeking injunctive relief against the Appellees, who are all members of the Board of Law Examiners ("BLE") for the State of Texas.  Reeves relies on Ex parte Young to argue that the Appellees

_____

        [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lost their 11th Amendment immunity from suit by violating the anti-discrimination and automatic stay provisions of the Bankruptcy Code, 11 U.S.C. §§ 525(a) and 362(a), in the course of denying his application for a law license.  Having carefully reviewed the briefs and record, this court finds that Reeves has failed to show an ongoing violation of federal law as required by Ex parte Young. This court, therefore, affirms the dismissal of Reeves's claim on 11th Amendment grounds.

Reeves, a former attorney in the state of Nevada, is an unsuccessful applicant for a Texas law license.  Although Reeves passed the February 1999 Texas Bar Examination, Reeves was required to attend a BLE hearing to determine whether he possessed the present good moral character required to be licensed to practice law in Texas.  See Tex. Gov't Code Ann. § 82.004(c) (Vernon 1998). During the hearing, the Appellees questioned Reeves about: (1) his admission that he had engaged in the unauthorized practice of law without a license in Texas; (2) his failure to maintain a separate account for client trust funds while an attorney in Nevada; and (3) his credit, debt, and tax histories.  Reeves objected to these lines of questioning.  According to Reeves, since he had previously filed a Chapter 13 bankruptcy petition, any inquiry into his past financial problems was precluded by the anti-discrimination and

automatic stay provisions of the Bankruptcy Code.[1]  The panel denied Reeves's application without prejudice to his right to reapply for a license after one year.

Instead of appealing the panel's decision to the state district court,[2] Reeves filed suit in bankruptcy court seeking to enjoin the Appellees from considering the evidence offered at the hearing.  The bankruptcy court dismissed the suit on Eleventh Amendment grounds.  On appeal, the district court affirmed, holding that Ex parte Young did not support injunctive relief in the present case because Reeves failed to show that there was an ongoing violation of federal law that the court could enjoin.

Suits seeking declaratory or injunctive relief against state officials are not automatically barred.  See Ex parte Young, 209 U.S. 123, 28 S.Ct. 441 (1908).  A state official is not entitled to the Eleventh Amendment protection afforded the sovereign when an individual seeks an injunction "in order to remedy a state officer's ongoing violation of federal law." Seminole Tribe, 517 U.S. 44, 73, n.16, 116 S.Ct. 1114, 1132 n.16

---

[1]  The district court held that Reeves had waived his automatic stay argument under § 362(a) by failing to brief the issue.  Reeves once again raises the § 362(a) issue on appeal but does not explain how the Appellees violated that provision beyond saying that "it is the position of the Appellant that the aforesaid penalty constitutes a violation of § 362(a)(3), and that the exception contained in 11 U.S.C. § 362(b)(4) is not applicable."  The issue is, therefore, waived.  See United States v. Beaumont, 972 F.2d 553, 563 (5th Cir. 1992) ("Failure of an appellant to properly argue or present issues in an appellate brief renders those issues abandoned.").

[2]  Rule 15(j) of the Texas Rules governing Admission to the Bar permits applicants to obtain judicial review of the BLE's decisions by appealing to the district courts of Travis County, Texas.

(1996)(citing <u>Ex parte Young</u>, 209 U.S. 123 (1908)); <u>see also</u> <u>Idaho v. Coeur d'Alene Tribe of Idaho</u>, 521 U.S. 261, 269-70, 117 S.Ct. 2028, 2034-35 (1997).

In order to make his case fit within <u>Ex parte Young</u>, Reeves contends that the Appellees are violating 11 U.S.C. § 525(a), which prohibits governmental agencies from discriminating against debtors in bankruptcy "solely because" a debtor is insolvent, has failed to pay a dischargeable debt, or has filed bankruptcy.[3] In order to show a violation of § 525(a), Reeves must show that the alleged discrimination was caused <u>exclusively</u> by the plaintiff's status as a debtor: "Only discrimination based solely upon the debtor's status is precluded." <u>Exquisito Servs. Inc. v. United States (In re Exquisito Servs.)</u>, 823 F.2d 151, 153 (5th Cir. 1987). The prohibition against discrimination "'does not extend so far as to prohibit examination of the factors surrounding the bankruptcy, the imposition of financial responsibility rules if they are not imposed only on former bankrupts, or the examination of prospective financial condition or managerial ability.'" <u>Id</u>. at 154 (citation omitted). Provided that the governmental agency has a reason for denying a license other than the debtor's status, § 525(a) does not prevent the agency's considering other factors

---

[3]     Section 525(a) states in relevant part: "[A] governmental unit may not deny, revoke, suspend or refuse to renew a license, permit, charter, franchise, or other similar grant to ... [or] discriminate with respect to such a grant against ... a person that is or has been a debtor under this title ... solely because such bankrupt or debtor is or has been a debtor under this title ..., has been insolvent ..., or has not paid a debt that is dischargeable in the case under this title...."

4

surrounding an applicant's bankruptcy or financial condition.[4]

In the present case, the BLE panel clearly had a permissible, non-bankruptcy related reason for denying Reeves's application -- Reeves's admission that he practiced law without a license. The panel's Order focuses exclusively on this admission and makes no reference to Reeves's status as a debtor in bankruptcy. At the hearing, the panel questioned Reeves about his handling of client trust funds while practicing law in Nevada as well as his financial history and future financial responsibility. But, under Exquisito, the panel is permitted to examine "the factors surrounding the bankruptcy" as well as Reeves's "prospective financial condition or managerial ability." Id. Reeves's failure to establish a trust account relates directly to his fitness to practice law in Texas; furthermore, the potential claims of an out-of-state bar association against Reeves shed light on his future financial condition.

Since Reeves has failed to show that the Appellees violated § 525(a) (yet alone establish an ongoing violation as

---

[4]    See also Laracuente v. Chase Manhattan Bank, 891 F.2d 17 (1st Cir. 1989)(to recover under § 525, debtor had to show her bankruptcy status was the sole reason for her termination; bank had reasons for discharging the debtor other than her bankruptcy status); Duffey v. Dollison, 734 F.2d 265, 273 (6th Cir. 1984)(recognizing that § 525 does not prevent governmental agencies from considering factors surrounding the bankruptcy as long as the agency does not differentiate between debtor and non-debtor); Housing Authority v. James (In re James), 198 B.R. 886, 888 (Bankr. E.D. Pa. 1996)("It is not enough to show that [the debtor's] bankruptcy filing played a 'substantial role.' Section 525(a) is not violated, even if one of the grounds enumerated therein is present, so long as the governmental unit also has a bona fide reason other than those enumerated therein for taking action against the debtor.").

required by Seminole Tribe), Reeves cannot use Ex parte Young to get around the Appellees' Eleventh Amendment immunity.  This court, therefore, affirms the dismissal of Reeves's claim.

**AFFIRMED.**